A. O'DAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24581.   Promulgated August 4, 1930.

*Homer G. Graham, C. P. A.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

ARUNDELL: The single point in dispute under the issue raised for the year 1922 is whether the stock acquired by the petitioner in the sale of his farm had a readily realizable market value, the petitioner having determined that it had a value of $29,500.

In 1922 and 1923 the petitioner and Peters endeavored, without success, to locate a market for their stock. For this purpose petitioner made two or three visits to the offices of the corporation and talked to Di Giorgio and other officers of the corporation. Peters directed his inquiries to not only officers of the corporation, but to his attorney in New York City and H. W. Dubiske & Co., a brokerage concern having 85 offices in the principal cities of the United States, which was endeavoring to dispose of a large quantity of the stock it had acquired from Di Giorgio at the time of the corporation's organization. The inquiries made and conferences had developed that the stock was not listed on any exchange and did not enjoy a regular and ready market; that the only sales being made were on a market open only to H. W. Dubiske & Co.; that no effort would be made

to create a market for the stock until H. W. Dubiske & Co. had disposed of its holdings, which had not been accomplished as late as October, 1923, and that H. W. Dubiske & Co. was not interested in handling additional shares of the stock. The fact that it was able through its large organization to place a limited amount of the stock it had acquired does not seem to us sufficient to establish that the stock had a readily realizable market value. Petitioner made repeated efforts, but could not market his stock, and the only benefit he appears to have obtained from its ownership was to use it in 1925 as additional collateral on a loan he had theretofore made. His stock, when sold upon his failure to pay the indebtedness to the bank, realized only $20 per unit of one share of preferred and three shares of common. We think the evidence before us sustains the claim of petitioner that at the time of its acquisition the stock did not have a readily realizable market value.

Under the other issue petitioner's counsel concedes in his brief that the petitioner was on the cash receipts and disbursements basis of accounting. In the absence of proof that any payments were made on the notes given to evidence the loan and the bonus charged for making the loan, the respondent's action in disallowing the bonus as a deduction must be sustained. *J. W. Solof*, 1 B. T. A. 776. See *Eckert* v. *Commissioner*, 42 Fed. (2d) 158, affirming *A. James Eckert*, 17 B. T. A. 263; cf. *Julia Stow Lovejoy*, 18 B. T. A. 1179.

*Decision will be entered under Rule 50.*